UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEINENWEBER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **14 CR 102** |
| vs. | ) ) | Violations: Title 18, United States Code, Sections 1341, 1343, and 1344 |
| MARK ANSTETT and GEORGE FERGUSON | ) ) | |

MAGISTRATE JUDGE ROWLAND

## COUNT ONE

FILED

FEB 27 2014

THOMAS G BRUTON

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

1. At times material to this indictment:

    a. Equipment Acquisition Resources, Inc. was a company based in Palatine, Illinois, that purported to make semiconductor wafers and refurbish machinery used to make semiconductor wafers. Defendant MARK ANSTETT was EAR's President, and co-owned EAR with Sheldon Player's wife.

    b. Machine Tools Direct, Inc. was a company based in Carlisle, Pennsylvania that purchased and sold machine tools. Defendant GEORGE FERGUSON was MTD's owner and President.

    c. On December 21, 1988, Sheldon Player was convicted of two counts of Interstate Transportation of Money Taken by Fraud and one count of Mail Fraud in the United States District Court for the District of Arizona.

    d. First National Bank of McHenry, Libertyville Bank & Trust, Millennium Bank, Waukegan Savings Bank, and First Chicago Bank & Trust were

financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

  e. Rockford Capital Leasing, CM Financial Corporation, Leasing One Corporation, and Star Capital were finance companies that obtained loans from financial institutions to provide lease financing for businesses to purchase machinery.

  f. IBM Global Finance was a division of IBM, Inc. that provided financing, including financing to EAR to purchase machinery from MTD.

  g. EAR obtained financing from financial institutions, including First National Bank of McHenry, Waukegan Savings Bank, and Libertyville Bank & Trust, and leasing companies, including Rockford Capital Leasing, CM Financial Corporation, and Leasing One, to purportedly purchase machinery from MTD.

  h. Financial institutions and leasing companies required companies seeking financing to provide truthful information, including truthful information about the nature of the transaction in which the financing was sought and the company's financial status and operations.

  2. Beginning no later than 2006, and continuing until in or about October 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

      MARK ANSTETT and
      GEORGE FERGUSON,

defendants herein, together with Sheldon Player, devised, intended to devise, and participated in a scheme to defraud financial institutions and finance companies and to obtain money and property from financial institutions and finance companies by means of

materially false and fraudulent pretenses, representations, and promises, which scheme affected financial institutions and is further described below.

3. It was part of the scheme that defendants MARK ANSTETT and GEORGE FERGUSON, along with Sheldon Player and others, used EAR and MTD to fraudulently obtain at least approximately $190 million from financial institutions and finance companies by making and causing to be made materially false representations to financial institutions and finance companies, including materially false representations about EAR's business operations, financial status, independence from MTD, and need for financing, and for the purpose of executing the scheme caused interstate wire transmissions and deliveries via U.S. mail.

4. It was further part of the scheme that in order to obtain financing from financial institutions and finance companies, defendants MARK ANSTETT and GEORGE FERGUSON, and Sheldon Player, arranged sham sales transactions between EAR and MTD to make EAR appear to financial institutions and finance companies as a successful and profitable company, when defendants ANSTETT and FERGUSON knew there were no such sales transactions between EAR and MTD, and that MTD planned to and did remit most of the loan proceeds obtained from financial institutions and finance companies to EAR so that EAR could use the money to make payments on other loans.

5. It was further part of the scheme that defendants MARK ANSTETT and GEORGE FERGUSON, and Sheldon Player, represented and caused to be represented to financial institutions and finance companies that EAR and MTD were separate companies engaging in arms-length transactions involving the sale of machinery from

MTD to EAR, when in fact defendants ANSTETT and FERGUSON knew that there were no such transactions between EAR and MTD and that they were using EAR and MTD to fraudulently obtain loan proceeds from financial institutions and finance companies.

6. It was further part of the scheme that defendants MARK ANSTETT and GEORGE FERGUSON, and Sheldon Player, prepared and submitted, and caused to be prepared and submitted, to financial institutions and finance companies invoices that defendants ANSTETT and FERGUSON knew falsely stated that EAR was purchasing equipment from MTD at false prices.

7. It was further part of the scheme that defendant MARK ANSTETT and Sheldon Player made and caused to be made false representations to representatives from financial institutions and finance companies about EAR needing to purchase equipment because of contracts with or work to be performed for other semiconductor and technology companies, when defendant ANSTETT knew that EAR had no such contracts or relationships with these companies, and was not in fact seeking financing to purchase any equipment.

8. It was further part of the scheme that defendant MARK ANSTETT made false representations to representatives from financial institutions and finance companies that EAR was purchasing, and the financial institutions and finance companies were thus financing, new equipment from MTD, when defendant ANSTETT knew that those representations were false.

9. It was further part of the scheme that defendants MARK ANSTETT and GEORGE FERGUSON, and Sheldon Player, caused others to prepare and audit financial statements for EAR, knowing that the financial statements: (1) contained false information that inflated EAR's sales figures; and (2) would be submitted to financial institutions and finance companies from which EAR was seeking financing.

10. It was further part of the scheme that defendant MARK ANSTETT and Sheldon Player submitted and caused others to submit false and fraudulent EAR financial statements to financial institutions and finance companies, knowing that these financial statements contained false information, including false information about EAR's sales figures.

11. It was further part of the scheme that Sheldon Player altered and caused others to alter EAR's financial statements to remove information that Sheldon Player knew could cause EAR to appear less creditworthy for financing, including information about EAR's sales concentrations and about EAR's potential violation of loan covenants with a financial institution, and provided these altered financial statements to defendant MARK ANSTETT, who sent them to financial institutions and finance companies even though defendant ANSTETT knew the financial statements contained false information.

12. It was further part of the scheme that defendant GEORGE FERGUSON and Sheldon Player made and caused to be made false statements to EAR's auditors, and submitted and caused to be submitted false documents to EAR's auditors, during the preparation of EAR's audited financial statements, in order to make it appear that EAR

and MTD were independent companies conducting arms-length sales transactions, when defendant FERGUSON knew that was false.

13. It was further part of the scheme that defendant MARK ANSTETT knew that different serial numbers were placed on the same pieces of EAR equipment so that EAR could pledge one piece of equipment as collateral for multiple loans from financial institutions or finance companies.

14. It was further part of the scheme that defendant MARK ANSTETT and Sheldon Player represented to financial institutions and finance companies that defendant ANSTETT was in charge of EAR's day-to-day business operations, and concealed Player's involvement in EAR, so that financial institutions and finance companies would not learn about Player's involvement in EAR and his criminal history.

15. It was further part of the scheme that defendant MARK ANSTETT falsely confirmed to representatives from financial institutions and finance companies that EAR had received delivery of equipment purportedly purchased from MTD through financing provided by financial institutions and finance companies, when defendant ANSTETT knew that no such machinery had been shipped by MTD or received by EAR, and that no real transaction existed between MTD and EAR.

16. It was further part of the scheme that defendant MARK ANSTETT and Sheldon Player told representatives of financial institutions and finance companies that EAR was in the business of making wafers for technology companies, when defendant ANSTETT knew that EAR made most of its money through sham transactions with MTD.

17. It was further part of the scheme that, when EAR failed to make payments on loans from financial institutions and finance companies, defendant MARK ANSTETT lulled representatives from the financial institutions and finance companies by falsely stating that EAR missed payments because of problems obtaining accounts receivables from companies that EAR performed work for, when defendant ANSTETT knew that EAR could not make it loan payments because it could not obtain new financing.

18. It was further part of the scheme that, as a result of their actions, defendants MARK ANSTETT and GEORGE FERGUSON, and Sheldon Player, caused losses to financial institutions and finance companies of at least approximately $100 million.

19. It was further part of the scheme that defendants MARK ANSTETT and GEORGE FERGUSON did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

20. On or about September 7, 2007, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MARK ANSTETT and
> GEORGE FERGUSON,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be deposited, to be sent and delivered via U.S. mail, a check from CM Financial Corporation to MTD in the amount of $150,000, addressed to MTD in Carlisle, Pennsylvania, which funds represented financing to EAR from CM Financial Corporation for the purchase of equipment from MTD;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 19 of Count One of this indictment are incorporated here.

2. On or about July 21, 2008, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MARK ANSTETT and
> GEORGE FERGUSON,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $474,000 from a Rockford Capital Leasing account at Amcor Bank to an MTD account at Orrstown Bank, which funds represented financing from Rockford Capital Leasing, funded by First Chicago Bank & Trust, to EAR for the purchase of equipment from MTD;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 19 of Count One of this indictment are incorporated here.

2. On or about June 17, 2009, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and<br>
GEORGE FERGUSON,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $895,000 from Millennium Bank to an MTD account at Orrstown Bank, which funds represented financing from Millennium Bank to EAR for the purchase of equipment from MTD;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 19 of Count One of this indictment are incorporated here.

2. On or about August 3, 2009, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

> MARK ANSTETT and
> GEORGE FERGUSON,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $1,300,450 from Farmers Bank and Capital Trust to an MTD account at Orrstown Bank, which funds represented financing from Leasing One Corporation to EAR for the purchase of equipment from MTD;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 19 of Count One of this indictment are incorporated here.

2. On or about August 5, 2009, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and
GEORGE FERGUSON,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $1,363,780 from First National Bank of McHenry to an MTD account at Orrstown Bank, which funds represented financing from First National Bank of McHenry to EAR for the purchase of equipment from MTD;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 19 of Count One of this indictment are incorporated here.

2. On or about September 23, 2009, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and
GEORGE FERGUSON,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic mail message from Sheldon Player to defendant GEORGE FERGUSON, carbon copied to defendant MARK ANSTETT, that traveled through servers located in different states, in which Player told defendant FERGUSON to make false statements to a representative from Star Capital about machinery being shipped from MTD to EAR;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraph 1(a), (b), (c), (d), (g), and (h) of Count One of this indictment are incorporated here.

2. Beginning no later than 2006, and continuing until in or about October 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and
GEORGE FERGUSON,

defendants herein, together with Sheldon Player, knowingly participated in a scheme to defraud and to obtain money and funds owned by and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. The allegations in paragraphs 3 through 19 of Count One of this indictment are incorporated here.

4. On or about October 11, 2007, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and
GEORGE FERGUSON,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Libertyville Bank and Trust, a financial institution insured by the Federal Deposit Insurance Corporation, to provide financing in the amount of approximately $2,775,086 for EAR's purchase of machinery from MTD;

In violation of Title 18, United States Code, Section 1344.

## COUNT EIGHT

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 and 3 of Count Seven of this indictment are incorporated here.

2. On or about October 15, 2008, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and
GEORGE FERGUSON,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Waukegan Savings Bank, a financial institution insured by the Federal Deposit Insurance Corporation, to issue a check to EAR in the amount of approximately $746,250, which funds constituted financing from Waukegan Savings Bank to EAR for the purchase of machinery from MTD;

In violation of Title 18, United States Code, Section 1344.

## COUNT NINE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 and 3 of Count Seven of this indictment are incorporated here.

2. On or about June 17, 2009, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and<br>GEORGE FERGUSON,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing Millennium Bank, a financial institution insured by the Federal Deposit Insurance Corporation, to provide financing in the amount of approximately $895,000 for EAR's purchase of machinery from MTD;

In violation of Title 18, United States Code, Section 1344.

## COUNT TEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations in paragraphs 1 and 3 of Count Seven of this indictment are incorporated here.

2. On or about August 5, 2009, at Palatine, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARK ANSTETT and<br>GEORGE FERGUSON,

defendants herein, knowingly executed and attempted to execute the scheme to defraud by causing First National Bank of McHenry, a financial institution insured by the Federal Deposit Insurance Corporation, to provide financing in the amount of approximately $1,363,780 for EAR's purchase of machinery from MTD;

In violation of Title 18, United States Code, Section 1344.

# FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1. The allegations of Counts One through Ten of this indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2. As a result of their violations of Title 18, United States Code, Section 1341, 1343, and 1344, as alleged in Counts One through Eleven of this indictment,

> MARK ANSTETT and
> GEORGE FERGUSON,

defendants herein, shall forfeit to the United States, any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Ten.

3. The interests of defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2) include, but are not limited to, approximately $196 million.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided

without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461;

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY